HALL
*v.*
MILLER.

Rec. 1767.
Fol. 118.

Evidence
of a Sale upon
a Credit will
ſupport a
Declaration
upon a Promiſe to pay on
Demand,
where the
Time of the
Promiſe is
laid after the
Expiration of
the Credit.

## Hall *verſ.* Miller.

THE Plaintiff brought Aſſumpſit *to pay on Demand*, upon Account annexed, (1) and gave in Evidence his Book, in which was a Memorandum of an Agreement made at the Day of Sale, that            Months Credit was given the Defendant. The Time alledged in the Declaration, of the Defendant's being indebted, *was, after a Lapſe of the            Months Credit.* Now, the Queſtion was, whether this Evidence ſupported the Declaration.

*Mr.*

———————————

(1) The ſufficiency of the common form of declaration in aſſumpſit, upon account annexed, was queſtioned in the caſe of *Rider* v. *Robbins*, 13 Maſſ. 284, and it was there held to reſt on immemorial practice. See 2 Maſſ. 398; alſo Dummer's Defence of the New England Charters, (ed. 1745,) 20, where a deſcription is given of the early practice in the courts of law. — " If it be Matter of Account, the Account is annexed to the Writ, and Copies of both left with the Defendant."

*Mr. Auchmuty* urged, that this Evidence proved a different Contract from that alledged by the Plaintiff; for he declares upon a Promiſe *to pay upon Demand*, and brings in Evidence that the Contract was not to pay on Demand, but that a long Credit was given : And, though the Promiſe is not alledged to be upon Demand, *till after the Time of Credit was elapſed*, yet, that can never alter the Nature of the original Agreement. There never was a Promiſe *to pay upon Demand*, if we believe the Plaintiff's own Book ; and the Proof varying from the Allegation, the Plaintiff muſt, in this Action, fail.

But it was anſwered, and *Reſolved by the whole Court*, (unanimouſly) that the *Promiſe* to pay *on Demand* being laid *after the Time of Credit was elapſed*, was well ſupported by this Evidence ; for, the Defendant having neglected Payment at the Time limited, *after that Time paſt*, the Law raiſes a Promiſe to pay on Demand, and the Plaintiff may *then* well declare ſo. And *the Court* relied on Gilbert's Law of Evid. 191, where " one brought " Aſſumpſit for £20, and gave in Evidence a Prom- " iſe that if two would ſurrender their Right, he " would pay them £20 apiece, and that they did " ſurrender their Right, this is good Evidence to " ſupport the Declaration ; for the Promiſe is laid " abſolutely in the Declaration, and the Promiſe in " Proof is upon Condition, yet, when that Condi- " tion is performed, the Duty becomes abſolute, and " ſo is good Proof upon this Declaration."